GIBSON *v.* HEMPSTEAD COUNTY.

Opinion delivered May 19, 1919.

DRAINS—COST OF PRELIMINARY SURVEY—LIABILITY OF COUNTY.—Under Acts 1911, p. 193, section 1, a county is not liable for the cost of a preliminary survey where a projected drainage district has not been formed, the petitioners for the district being liable on their bond where the district is not created.

Appeal from Hempstead Circuit Court; *George R. Haynie,* Judge; affirmed.

*U. A. Gentry,* for appellant.

1. The county is clearly liable for the expenses of the survey whether the district was formed or not. 106 Ark. 305; 123 *Id.* 250. The case in 122 Ark. 14-22 does not control this, as the facts are different.

2. The amount of the expense is for a jury to say, or for the court sitting as a jury to fix. Acts 1911, Act No. 221.

No question was raised below as to the validity of our statute and the court erred in holding that the county was not liable unless the district was formed. *Supra.*

*Steve Carrigan* and *Etter & Monroe,* for appellee.

The county is not liable for the preliminary expense unless the district is formed. Act No. 221, Acts 1911, § 1; 106 Ark. 304-5; 122 *Id.* 22; 123 *Id.* 250.

WOOD, J. A petition and bond required by the statute were filed with the county court of Hempstead County, for the proposed creation of a drainage district in Hempstead County, Arkansas.

Giles H. Gibson was duly appointed under the statute as engineer to make a preliminary survey of the territory intended to be embraced in the district. He

made the survey and filed a report with the county court, which was approved in all things by the court, but the court on final hearing of the petition for creation of the district refused to grant the same and dismissed the petition. Afterwards Gibson filed his claim in the county court in the sum of $500 for services as engineer in the preliminary survey.

The county court refused to allow the claim and on appeal to the circuit court judgment was entered in favor of the county, from which is this appeal.

Section 1 of act 221 of the Acts of 1911, among other things, provides that: "When three or more owners of real property within a proposed district shall petition the county court to establish a drainage district to embrace their property, * * * and file a good bond to pay for the expenses of survey of the proposed district, in case the district is not formed, it shall be the duty of the county court to enter upon its records an order appointing an engineer, to be selected by the petitioners; provided, the engineer whom they select is a suitable person, and if not, naming an engineer satisfactory to the court, who shall give bond, etc. All expenses incident to the survey and the cost of publication shall be paid by the county as the work progresses upon proper showing; but all expenses incurred by the county shall be repaid out of the proceeds of the first assessment levied under this act."

The petitioners filed a bond, to the State of Arkansas for the use and benefit of Hempstead County, for the expenses that might be incurred incident to the expense of the preliminary survey of a proposed improvement and conditioned that should the district be formed the obligation was to be null and void, otherwise, to remain in full force and effect.

The language of the statute shows clearly that it was not the intention of the Legislature to make the counties liable for the costs of the preliminary survey of proposed drainage districts where the drainage district is not formed. The statute expressly provides

that the petitioners shall "file a good bond to pay for the expenses of the survey of the proposed district in case the district is not formed."

It is unnecessary to set forth the whole statute, but an examination of it will discover that there is nothing in it to warrant the conclusion that it was the intention of the Legislature to make the county liable for the expenses of a preliminary survey, where the district has not been formed.

The language, to-wit: "All expense incident to the survey and the cost of publication shall be paid by the county as the work progresses upon proper showing," makes it the duty of the county court upon a proper showing to pay for the work incident to the preliminary survey, while the work of such preliminary survey is in progress. But this language was not intended to create a liability against the county for the expense of such preliminary survey where the district was not formed.

On the contrary the language, "but all expenses incurred by the county shall be repaid out of the proceeds of the first assessment levied under this act," shows clearly that the Legislature contemplated that the county was not to be liable for the expense of the preliminary survey where the district was not formed.

While there is some ambiguity in the language of the section, taking it as a whole we reach the conclusion that there is no liability against the county for the expenses of a preliminary survey where the district has not been formed. The language of the act shows that it was the purpose of the Legislature to make the petitioners for the district liable on their bond for the cost of the preliminary survey where the district was not created. The statute expressly provides for a bond to that effect. See *Burton v. Chicago Mill & Lumber Co.*, 106 Ark. 296-305.

Having reached the conclusion, under the undisputed facts, that the statute does not create any liability against the county, the question is not before us as to whether or not the statute would be valid if it did create such liability. Nor is the question before us as

to whether the county is liable where the district has been created.

There was no error in the ruling of the court, and its judgment is, therefore, affirmed.